

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2002

# USA v. Grey

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Grey" (2002). *2002 Decisions.* Paper 683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-1229


UNITED STATES OF AMERICA

v.

DAMEON L. GREY,
                                   Appellant


On Appeal from the United States District Court
          for the District of Delaware
            (D.C. Crim. No. 00-00082)
      Honorable Gregory M. Sleet, District Judge


      Submitted under Third Circuit LAR 34.1(a)
                  October 18, 2002

      BEFORE: ROTH and GREENBERG, Circuit Judges,
             and WARD, District Judge*

          (Filed:  October 29, 2002 )

                OPINION OF THE COURT




*Honorable Robert J. Ward, Senior Judge of the United States District Court for the
Southern District of New York, sitting by designation.




GREENBERG, Circuit Judge.

      This matter comes on before this court on Dameon L. Grey's appeal from a
judgment of conviction and sentence entered in this criminal case on January 11, 2002.
The case arose out of events on the morning of October 24, 2000, in New Castle,
Delaware, when Grey was a passenger in an automobile driven by Derrick Wright, which
the Delaware State Police stopped because they observed it being operated in violation of
motor vehicle laws.  A subsequent consent search of a book bag which Grey claimed to
own that was located in the vehicle led to the contemporaneous recovery from the bag of
a loaded black pistol.  In a later search of the bag the troopers found crack cocaine.
      As a result of these recoveries a federal grand jury returned a four-count
indictment charging Grey with four firearms and drug offenses including one count of
possession of a firearm by a felon in violation of 18 U.S.C.    922(g)(1) and 924(a)(2).
Grey made a motion to suppress the contents of the bag but, following an evidentiary
hearing, Judge Sleet denied his motion in a comprehensive memorandum opinion and
order dated August 23, 2001.  Subsequently, the parties entered into a plea agreement
pursuant to which Grey pleaded guilty to the count of the indictment charging possession
of a firearm by a prohibited person, but reserving his right to appeal from the order

denying his motion to suppress. The district court sentenced Grey to a 37-month custodial term on that count to be followed by a three-year term of supervised release. The court dismissed the remaining three counts of the indictment. Grey then appealed. We have jurisdiction under 28 U.S.C. 1291.

On this appeal Grey argues that the district court erred in denying his motion to suppress because the troopers did not have "reasonable suspicion" to seize the bag and that, in any event, even if they had reasonable suspicion Grey did not voluntarily consent to the search because the coercive environment in which he consented made the search involuntary. The parties agree that our review of the district court's determination that the troopers had reasonable suspicion is de novo, though we make our review of the findings of the historical facts supporting its determination on a deferential clear error basis. See Ornelas v. United States, 517 U.S. 690, 699-70, 116 S.Ct. 1651, 1663 (1996); United States v. Brown, 159 F.3d 147, 148 (3d Cir. 1998); United States v. Roberson, 90 F.3d 75, 76-77 (3d Cir. 1996). The parties also agree that the determination of whether a consent to search is voluntary depends on a factual finding and thus is reviewed on a clear error basis. See Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047-48 (1973); United States v. Kim, 27 F.3d 947, 954-55 (3d Cir. 1994). Of course, in this case there is no real dispute with respect to the historical facts as the troopers involved in the motor vehicle stop and subsequent searches were the only witnesses at the suppression hearing.

After a careful review of this matter and mindful of the appropriate standards of review we find no basis to disturb the district court's order denying the motion to suppress. Consequently, we will affirm the order denying suppression substantially for

the reasons that Judge Sleet set forth in his memorandum opinion.

The judgment of conviction and sentence entered January 11, 2002, will be affirmed.

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greenberg
Circuit Judge